IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ESEQUIEL DIAZ IV and JOANNA MARTINEZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:14-CV-531-L** |
| WALTER R. FAWCETT, III, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' Motion for Voluntary Dismissal, filed March 5, 2014. After careful consideration of the motion, response, reply, record and applicable law, the court **grants** Plaintiffs' Motion for Voluntary Dismissal as herein set forth.

**I.   Background**

Esequiel Diaz IV and Joanna Martinez ("Plaintiffs") originally filed this action on December 31, 2013 in the 44th Judicial District Court, Dallas County, Texas. Defendant Walter R. Fawcett, III ("Fawcett" or "Defendant") removed the action to federal court on February 12, 2014, on grounds that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs.

Plaintiffs seek dismissal of the action so that it can be refiled in state court. According to Plaintiffs, once the case is refiled in state court, they will stipulate that their damages do not exceed $74,500, which is below the jurisdictional threshold for cases involving diversity of citizenship. Plaintiffs contend that Defendant will not be prejudiced by the dismissal, that only limited discovery has occurred, that such discovery may be used in state court, that they will not seek to

**Memorandum Opinion and Order – Page 1**

prevent Defendant from asserting or pleading any defense that is available to him in state court, and that Defendant has not filed a counterclaim, motion to dismiss, or motion for summary judgment.

Defendant is not opposed to the dismissal of this action, provided two conditions are imposed: (1) an award of costs incurred in the action; and (2) a stipulation that Plaintiffs will not plead damages in excess of $74,500 when they refile the action in state court. Plaintiffs agree to the stipulation regarding damages. Plaintiffs, however, object to any award of costs, as they believe such an award is not appropriate at this time and should be deferred until the resolution of this matter in state court.

## II. Discussion

Plaintiffs' motion to dismiss is governed by Federal Rule of Civil Procedure 41(a)(2). As an answer has been filed by Fawcett, and he has not stipulated in full to the dismissal of the action, this "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id.* Ordinarily, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citation omitted). Rule 41(a)(2) evinces a preference for dismissal without prejudice, as it provides, "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Legal prejudice will exist when an affirmative defense would be lost. *Elbaor*, 279 F.3d at 318. Legal prejudice may also exist if the nonmovant could lose a *forum non conveniens* defense. *Ikospentakis v. Thalassic S. S. Agency*, 915 F.2d 176, 179 (5th Cir. 1990). Finally, legal prejudice may exist if "a plaintiff fails to seek dismissal until a late stage of trial, after the defendant has exerted significant time and effort." *Davis v. Huskipower Outdoor Equip. Co.*, 936 F.2d 193, 199

(5th Cir. 1991). Whether legal prejudice exists under these circumstances is a determination to be made by the court using its sound discretion. If the court determines that legal prejudice exists, it may "refuse to grant a voluntary dismissal." *Id.* (citations omitted). "[T]he mere prospect of a second lawsuit is not enough prejudice to a defendant to warrant denial of a motion to dismiss without prejudice." *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

A dismissal based on a motion filed pursuant to "Rule 41(a)(2) is within the sound discretion of the court." *Kramer v. Butler*, 845 F.2d 1291, 1294 (5th Cir. 1988) (citation and internal quotation marks omitted). From the plain text of Rule 41(a)(2), a court is essentially required to resolve three distinct issues: (1) whether to permit a dismissal of the action; (2) whether any terms should be placed on or accompany the dismissal; and (3) whether the dismissal is to be with or without prejudice. As the parties agree that this action should be dismissed without prejudice, the only determination that this court will be required to make is what terms or conditions, if any, are proper and should be imposed regarding the dismissal.

As previously stated, Plaintiffs have stipulated that they will not plead or seek damages in excess of $74,500 once this action is refiled in state court. Defendant also seeks an award of costs as a prerequisite to dismissal of this action. The court agrees that the stipulation is appropriate but does not believe an award of costs is justified at this juncture.

This action is new, and significant costs have not been incurred. Second, by way of the stipulation, Plaintiffs are agreeing to limit the damages that may be awarded to them. Third, the dismissal is not a judgment on the merits that would justify an award of costs. Fourth, as the court relies on Plaintiffs' representation that they will stipulate to a damage ceiling of $74,500, and this representation is the basis for the court granting a voluntary dismissal without prejudice, Plaintiffs are judicially estopped from pleading or seeking more than $74,500. Fifth, the court determines

**Memorandum Opinion and Order – Page 3**

that the issue of costs should be addressed at the final resolution of the action. Accordingly, the court will not condition the dismissal on an award of costs.

## III.     Conclusion

For the reasons herein stated, the court **grants** Plaintiffs' Motion for Voluntary Dismissal, and this action is **dismissed without prejudice.** The court grants the dismissal solely because Plaintiffs have stipulated that once the case is refiled, they agree not to seek or plead damages in excess of $74,500. *Since the court relies on this stipulation as the basis for dismissal, the court also holds that Plaintiffs are judicially estopped from pleading, seeking, or recovering an amount that exceeds $74,500.*

**It is so ordered** this 28th day of March, 2014.

*[signature]*

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 4**